UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARVIN EDWARD WARE              CIVIL ACTION NO. 07-cv-1705

VERSUS                          JUDGE WALTER

ANTHONY BATSON, ET AL           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Marvin Ware ("Plaintiff") is an inmate housed at the David Wade Correctional Center. He filed this civil action against several prison officials based on claims that: (1) he is exposed to excessive tobacco smoke; (2) he is not allowed to participate in a work release program; and (3) he is a Muslim but has been denied a non-pork diet and has been told that he may not sing in the choir. Defendants have filed a Motion to Dismiss (Doc. 31) based on Fed. R. Civ. P. 12(b)(6) and qualified immunity.

**Exposure to Tobacco Smoke**

Plaintiff's allegations in his complaint must be accepted as true for purposes of this Rule 12(b)(6) motion. Plaintiff alleges that in early 2007 he arrived at David Wade and was placed in the Alpha dorm, which allows smoking. He was moved that same night to Fox 1, which is supposed to be a non-smoking dorm. Plaintiff wrote Lt. Col. George Savage and asked why he had been moved from a smoking dorm with good ventilation to a non-smoking

dorm where over half the inmates smoke and there is not a good vent system. Savage did not respond.

Plaintiff alleges that more than half of the 39 inmates in the dorm smoke and that he spends at least 12 hours each day in lockdown with the inmates who smoke and who get upset and may retaliate if Plaintiff complains. When the yard is open, Plaintiff alleges, five or more inmates may sit in front of the building and smoke, and the smoke is drawn into the dorm. Plaintiff is subjected to smoke in the bleachers at the ball field, on the walks to and from meals, and when working in the kitchen. The smoke comes from staff members as well as fellow inmates.

Plaintiff alleges that he made a sick call in September 2007 because of headaches caused by the tobacco smoke. The medical staff told him that they did not know what to do for him. Plaintiff alleges that he wrote the warden but got no reply.[1] Plaintiff wrote Secretary Stalder in the form of a grievance about the smoke issue. A member of the Secretary's staff responded, but not to Plaintiff's satisfaction.

The Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, the prisoner must show that he is being exposed to unreasonably high levels of environmental tobacco smoke.

---

[1] Plaintiff alleges, "I tried writing the Warden, but I got no reply." Defendants, in their memorandum, accept that Plaintiff claims that he wrote the letter to Deputy Warden Anthony Batson, who is a named defendant. Warden Michael is not a named defendant. The court will accept Defendants' construction of this allegation as asserting that the letter was written to Deputy Warden Batson.

Helling v. McKinney, 113 S.Ct. 2475, 2482 (1993). In assessing that factor, the court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will actually cause such harm. Id. The court also has to determine whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Id. Second, the prisoner must show that prison authorities demonstrated a deliberate indifference to his plight. Id.

Plaintiff alleges that he is exposed to the cigarette smoke generated by almost 20 smokers puffing away in a confined area, as well as smoke that is generated in outdoor areas at the prison. These allegations are sufficient to survive, at the pleadings review stage, the requirement that Plaintiff show an exposure to an unreasonably high level of smoke. This is particularly true in light of the fact that contemporary standards have evolved since the 1993 Helling decision to emphasize the dangers of second-hand smoke. At least one judge has taken judicial notice of a June 2006 Surgeon General's report that concluded that there is no safe level of exposure to second-hand smoke. See Murrell v. Casterline, 2008 WL 822237 (5th Cir. 2008) (vacating a defense summary judgment in a prisoner tobacco smoke case). This is not a case where a prisoner alleges only "sporadic and fleeting exposure" to smoke such as in Richardson v. Spurlock, 260 F.3d 495 (5th Cir. 2001). Plaintiff alleges daily and heavy exposure to high levels of smoke, and that is sufficient to satisfy the first prong of Helling. See Murrell v. Chandler, 2008 WL 1924198 (5th Cir. 2008) (vacating

dismissal of prisoner smoke case where inmate alleged daily exposure in his housing unit and his work area).

The second issue is whether Plaintiff has alleged that any particular Defendants were deliberately indifferent to his situation. Plaintiff alleges that he voiced his concerns in writing to Deputy Warden Batson, Secretary Stalder and Lt. Col. Savage, but he received no response or an unsatisfactory response that did nothing to change the condition. Plaintiff, at this stage of the case where only the pleadings are reviewed, need not allege every fact that he might later need to prove to prevail on the merits. Rather, he merely needs to state a claim upon which relief can be granted and plead sufficient facts with regard to individual defendants to overcome the asserted qualified immunity defenses. Considering the facts discussed above and the applicable law, Plaintiff has satisfied that burden. The merits of his tobacco smoke claims against Defendants Batson, Stalder and Savage will have to be resolved by more substantive means such as summary judgment or trial.

**Work Release**

Plaintiff alleges that Defendant Heather Miles told him that he is not eligible for work release due to his criminal history and the amount of time left on his sentence. Plaintiff adds that Lt. Col. Savage was also involved in that decision. Plaintiff complains that other inmates with more serious criminal histories, disciplinary infractions and lengthy time left on their sentences were permitted to participate in work release.

"Classification of inmates in Louisiana is a duty of the Louisiana Department of Corrections and an inmate has no right to a particular classification under state law." Wilkerson v. Maggio, 703 F.2d 909, 911 (5th Cir. 1983). Classification of prisoners is a matter left to the broad discretion of prison officials, free from judicial intervention, and the officials are accorded the widest possible deference to allow them to apply their specialized knowledge, policies and practices to best maintain security and preserve order. McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir. 1990). Accordingly, Plaintiff has not stated a constitutional claim with respect to his work release status.

**Religious Diet**

Plaintiff alleges that Defendant Richard Pusch has the authority to give him a non-pork card that will allow him to receive meals consistent with Plaintiff's religion. Plaintiff alleges that Pusch has refused Plaintiff's request since Plaintiff has been on the compound, despite Plaintiff's attempts to talk with Pusch about the issue. Plaintiff also alleges that Pusch instructed that Plaintiff was not to sing in the choirs because "Muslim should hang with Muslim, and Christian should hang together."

The Fifth Circuit has sometimes upheld the decision of prison officials to not provide certain religious diets at a particular facility. See, e.g., Baranowski v. Hart, 486 F.3d 112 (5th Cir. 2007) and Kahey v. Jones, 836 F.2d 948 (5th Cir. 1988). Those two case were decided on summary judgment, after assessing the particular facts and circumstances

surrounding the diets at issue, their role in the religion at issue, the resources of the respective correctional facilities, and other relevant facts.

Plaintiff does not allege that David Wade does not provide non-pork diets. Rather, he alleges that the prison does afford the diets but Defendant Pusch, despite Plaintiff's Muslim religion, refuses to allow Plaintiff a card that would allow Plaintiff to receive the diet required by Plaintiff's religion. Plaintiff's allegations against Pusch are sufficient to make out a claim of religious discrimination and survive pleadings review. This claim, too, will have to be resolved through more substantive means such as summary judgment or trial.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 31) be **granted in part** by dismissing all claims for alleged failure to afford Plaintiff eligibility for work release. It is recommended that the motion be **denied** in all other respects. There are no other claims against Heather Miles and Beth Florentine, so they should be terminated as defendants.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of May, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE