UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARVIN EDWARD WARE      CIVIL ACTION NO. 07-cv-1705

VERSUS      JUDGE WALTER

ANTHONY BATSON, ET AL      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Marvin Ware ("Plaintiff") is an inmate housed at the David Wade Correctional Center. He filed this civil action against several prison officials based on claims that: (1) he is exposed to excessive tobacco smoke; (2) he is not allowed to participate in a work release program; and (3) he is a Muslim but has been denied a non-pork diet and has been told that he may not sing in the choir. The court dismissed all of the claims on motion practice, but the Fifth Circuit vacated the judgment as to Plaintiff's environmental tobacco smoke claim.

A few days after the appellate court's mandate issued, this court issued an order (Doc. 83) that set a deadline for the completion of discovery and directed the filing of pretrial statements by both parties. The order explained that the pretrial statements must contain lists of all exhibits and witnesses for the jury trial. The order warned: "Failure to file a pretrial statement may result in dismissal or other appropriate sanction."

Plaintiff filed a motion to appoint counsel, which Judge Walter denied. Doc. 85. Plaintiff then filed a motion (Doc. 87) that asked that defendants Anthony Batson and

George Savage be held in contempt based on alleged perjury in the affidavits they filed in connection with the earlier motion practice. Doc. 87. The court denied the motion. Doc. 90.

On the deadline for Plaintiff to file his pretrial statement, he filed a motion for extension of time. Doc. 88. Plaintiff represented that he was not sure how to prepare for trial and had contacted attorneys about representing him. The court granted the request by extending the discovery deadline and resetting Plaintiff's pretrial statement deadline to January 14, 2011. The order warned: "No further extensions of time will be granted." Doc. 89.

With the extension, Plaintiff had more than three months from the court's initial order to prepare and file a simple pretrial statement that listed his exhibits and witnesses for trial. Plaintiff did not file a pretrial statement by the January 14, 2011 deadline, and he has not filed anything since his motion for extension of time. Defendants, on the other hand, did timely file their pretrial statement. Doc. 91.

Plaintiff was warned in clear terms that failure to file a pretrial statement could result in dismissal of his case. He let the extended deadline pass without making any attempt to comply with the simple pretrial statement requirements. This is not a task that requires an attorney. Plaintiff has demonstrated throughout these proceedings that he is quite capable of preparing a list of his exhibits and witnesses. The absence of such a filing or any other communication from Plaintiff since the January 14 deadline suggests that Plaintiff is

unwilling to participate in this litigation to the extent necessary to bring it to trial. Dismissal without prejudice for failure to prosecute is warranted under these circumstances.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of February, 2011.

Page 3 of 3

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE